UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE C. HOLMES,                  Case No. 1:04-cv-365

      Plaintiff,                     Spiegel, J.
                                      Black, M.J.
vs.

GENERAL ELECTRIC,

      Defendant.

**ORDER**

This matter is before the Court on plaintiff's motion to compel discovery from defendant (doc. 49) and plaintiff's motion to strike defendant's answers to plaintiff's first set of interrogatories (doc. 50). For the reasons that follow, the motions are **DENIED**.

1. **Motion to Compel**

In the motion to compel discovery from defendant, plaintiff has identified eight requests for documents to which defendant did not provide disclosures and five individuals whose addresses were not provided. Plaintiff contends that the answers to 16 interrogatories were "evasive." (Doc. 49 at 2). He alleges that, in response to further requests, opposing counsel stated that no other discovery materials exist. In particular, counsel advised him that no corrective action notices exist for two employees identified by plaintiff, Mike Helterbridle and Larry Stratmiller. (*See id.* at 4).

The Federal Rules of Civil Procedure provide that a party may apply for an order

compelling a response to discovery requests where none has been made or where the response is so inadequate that it is tantamount to no response at all. *See, e.g.,* Fed. R. Civ. P. 37(a)(3) ("an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond"). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *See Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 154, 159 (D.D.C. 1999).

The Court cannot compel production of that which does not exist. *Krieger v. Fadely,* 199 F.R.D. 10, 13 (D.D.C. 2001). At most, the Court may resolve, upon appropriate application, the evidentiary and substantive consequences of a party's claimed inability to produce certain documents. *See id; see also* Fed. R. Civ. P. 37(b)(2)(A-E).

Second, plaintiff has not met his initial burden to show that the outstanding requests for discovery regard matters not privileged and reasonably calculated to lead to the discovery of admissible evidence.

Third, the deadline for completion of discovery expired on January 28, 2005. (*See* doc. 30). Plaintiff's challenge to the sufficiency of defendant's responses is untimely.

### 2. Motion to Strike

In the remaining motion, plaintiff seeks an order striking defendant's responses to interrogatories for failure to comply with Fed. R. Civ. P. 33(b)(2).

Rule 33 provides in pertinent part that the "[a]nswers [to interrogatories] are to be signed by the person making them, and the objections signed by the attorney making

them." Fed. R. Civ. P. 33(b)(2). Plaintiff contends that defendant General Electric did not comply this rule because its answers to the interrogatories were prepared and signed by its attorney.

The motion to strike lacks merit. If the party is a corporation, as in the present case, then any representative, including counsel, may sign on behalf of the corporation. *See Morris v. Swank Educ. Enters., Inc.,* No. 04 C50056, 2004 WL 1899987, at *6 (N.D. Ill. Aug. 20, 2004); *see also MMI Prods., Inc. v. Long,* No. PJM-03-CV-2711, 2005 WL 757073, at *5 n.2 (D. Md. April 1, 2005).

Moreover, the copy of defendant's responses, which was filed with the Court, includes a verification signed by defendant's representative, Terri Wiethorn. (*See* doc. 57, ex. C at 13).

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion to compel discovery (doc. 49) and plaintiff's motion to strike (doc. 50) are hereby **DENIED**.

**IT IS SO ORDERED.**

Date:  4/27/05            s/Timothy S. Black
                          Timothy S. Black
                          United States Magistrate Judge