UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDRE C. HOLMES, | : | Case No. 04-cv-365 |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| GENERAL ELECTRIC COMPANY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 52) BE GRANTED; (2) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 53) BE DENIED; AND (3) THIS CASE BE CLOSED**

This case is before the Court on cross-motions for summary judgment (Docs. 52, 53) and the parties' responsive and supplemental memoranda. (Docs. 55, 56, 59, 61.)

Plaintiff Andre C. Holmes ("plaintiff") initiated this action on May 26, 2004 by filing a *pro se* complaint pursuant to 42 U.S.C. § 2000e-5 against defendant General Electric Company ("GE" or "defendant"), his former employer, seeking redress for alleged unlawful racial discrimination. (Doc. 1.)

On November 15, 2004, plaintiff filed a motion for leave to file an amended complaint. (Doc. 35.) The motion was granted in part and denied in part: plaintiff was granted leave to add claims of racial discrimination under 42 U.S.C. § 1981 and Ohio

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Rev. Code Ann. § 4112.02; in all other regards, the motion was denied. (*See* Doc 48.)

On April 1, 2005, defendant and plaintiff filed the motions for summary judgment that are now before the Court. (Docs. 52, 53.)

## I. BACKGROUND

Plaintiff, an African-American male, was initially employed by defendant on February 25, 1980. (*See* Doc. 53 at 1.) His employment was terminated on October 20, 2003 on the alleged ground that he had made a verbal threat of violence involving firearms to another employee in violation of defendant's employee Code of Conduct. (*See id.*; *see also* Doc. 52, Ex. B, "Deposition of Andre C. Holmes" (hereinafter "Dep.") Ex. 2 at 79-80)

Undisputed allegations of fact provide that, on or about October 29, 2003, plaintiff brought a copy of a local newspaper, the Court Index, to work showing that he had won a judgment in a state court action. (*See* Dep. at 59-60; Doc. 53-2 at 8-9.) Information about a criminal case involving drug charges appeared on the same page. (Dep. at 60.) The name of the criminal defendant was the same as, or similar to, the name of a GE employee. (*Id.*) When the notice of plaintiff's case was shown to his coworkers, they became aware of the criminal case, fueling speculation as to whether the criminal defendant was in fact the other GE employee. (*See id.* at 66.)

On November 13, 2003, following an investigation into the alleged newspaper incident, plaintiff was disciplined for "conduct perceived to be demeaning and harassing to another [GE] employee." (Depo. Ex. 1.) Plaintiff denied ever mentioning the other

-2-

employee by name.  (*Id.*)

On Friday, November 14, 2003, plaintiff reported to work as usual.  (Dep. at 172-73.)  Sometime during his shift he met with another employee, Mike Helterbridle, in the lunchroom.  (*Id.*)  Helterbridle turned their conversation to the incident involving the Court Index notices.  (*Id.*) According to plaintiff, he indicated to Helterbridle that he had nothing to say.  (Dep. at 175.)  According to Helterbridle, plaintiff instead stated as follows:  "If I ever see [the other employee], I've got a 9mm, no I've got another one for him, I'll empty a clip in him and make sure he don't get up."  (Doc. 52, Ex. C, attached Ex. 1.)

On Monday, November 16, 2005, plaintiff was notified the he was suspended pending an investigation into the alleged comment made to Helterbridle.  (Dep. at 186.) The investigation included conversations with plaintiff, Helterbridle, and other employees, as well as a review of plaintiff's disciplinary record.  (*See* Doc. 53, numbered Exs. Holmes-0150 to -0152, Holmes-0163 to -165.)

At the conclusion of the investigation, defendant concluded that plaintiff did make threatening comments involving the use of firearms.  (Dep. Ex. 16.)  Plaintiff's employment was terminated on November 20, 2003.

Defendant seeks summary judgment on the grounds that plaintiff has failed to make a *prima facie* showing of discrimination and because plaintiff cannot show that the legitimate nondiscriminatory reason for the termination, the alleged threatening conduct, was a pretext for discrimination.  (Doc. 52.)

In opposition to defendant's motion, and in support of his own motion for summary judgment, plaintiff maintains that defendant cannot prove that plaintiff made a threat of violence and further maintains that the proffered reason for his discharge is a pretext for discrimination based on race. (Docs. 53, 56, 61.)

## II. STANDARD OF REVIEW

Summary judgment is proper if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the governing substantive law, might affect the outcome of the action. *Anderson*, 477 U.S. at 248. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In response to a properly supported motion, the nonmoving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Conclusory allegations are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990)

(citing *Patterson v. General Motors Corp.*, 631 F.2d 476, 482 (7th Cir. 1980), *cert. denied*, 451 U.S. 914  (1981)).

The Court's function is not to weigh the evidence and determine the truth of the matters asserted but to determine if there is a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 249.  The Court is not duty bound to search the entire record in an effort to establish a lack of genuinely disputed material facts.  *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied sub nom. Superior Roll Forming Co. v. Interroyal Corp.*, 494 U.S. 1091 (1990).  Rather, the burden is on the nonmoving party "to present affirmative evidence to defeat a properly supported motion for summary judgment," *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute.  *Anderson*, 477 U.S. at 250; *Guarino*, 980 F.2d at 404-05.

### III.  DISCUSSION

Plaintiff alleges employment discrimination in violation of federal law, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981; and state law, Ohio Rev. Code Ann. § 4112.02.  (*See* Docs. 1, 35, 48.)  Because evidentiary standards and burdens of proof applicable to a claimed violation of Title VII are equally applicable to cases arising under § 1981 and  § 4112.02,  plaintiff's claims may be considered together.  *See Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 720 (6th Cir. 2004), *cert. denied*, 126 S. Ct. 353 (2005); *see also Carter v. University of Toledo*, 349 F.3d 269, 272 (6th Cir. 2003); *Ohio Civil*

*Rights Comm'n v. David Richard Ingram, D.C., Inc.*, 69 Ohio St. 3d 89, 95, 630 N.E.2d 669, 674 (1994).

To establish a Title VII employment discrimination claim, plaintiff is required either to "present direct evidence of discrimination or introduce circumstantial evidence that would allow an inference of discriminatory treatment." *Johnson v. Kroger Co.*, 319 F.3d 858, 864-65 (6th Cir. 2003).  Plaintiff has not presented any direct evidence of discrimination.  Thus, he must satisfy, through circumstantial evidence, the burden-shifting approach first set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  *See Johnson*, 319 F.3d at 865-66.

To prevail on his claim, plaintiff bears the initial burden of establishing a *prima facie* case of discrimination by a preponderance of the evidence.  *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *Simon v. City of Youngstown,* 73 F.3d 68, 70 (6th Cir. 1996).  In order to make this showing, he must demonstrate: (1) that he was in a protected class; (2) that he was qualified for the job that he held during the time in question; (3) that he suffered an adverse employment action; and (4) that he was treated differently than similarly-situated individuals who were not members of his protected class.  *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582-83 (6th Cir. 1992); *see also Burdine*, 450 U.S. at 254 n.6; *McDonnell Douglas Corp.*, 411 U.S. at 802.

If plaintiff makes a *prima facie* showing, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the action taken.  *See Burdine*, 450

U.S. at 253. If defendant is able to meet this burden, plaintiff is then required to prove by a preponderance of the evidence that the legitimate reasons offered by defendant were a pretext for discrimination. *Id.* A plaintiff can demonstrate pretext by showing that the proffered reason: (1) had no basis in fact; or (2) was insufficient motivation for the employment action; or (3) did not actually motivate the adverse employment action. *Smith v. Chrysler Corp.*, 155 F.3d 799, 805-06 (6th Cir. 1998); *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994).

The Sixth Circuit has recently explained the three methods as follows:

> The first method is essentially an attack on the credibility of the employer's proffered reason. *Manzer*, 29 F.3d at 1084. It consists of showing that the employer did not actually have cause to take adverse action against the employee based on its proffered reason, and thus, that the proffered reason is pretextual. *Id*. Where the employer can demonstrate an honest belief in its proffered reason, however, the inference of pretext is not warranted. *See Smith*, 155 F.3d at 806. Thus, this Circuit has adopted the "honest belief rule." *See Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001); *Smith*, 155 F.3d at 806-07. Under the honest belief rule, an employer's proffered reason is considered honestly held where the employer can establish it "reasonably reli[ed] on particularized facts that were before it at the time the decision was made." *Id.*; *see also Majewski*, 274 F.3d at 1117. Thereafter, the burden is on the plaintiff to demonstrate that the employer's belief was not honestly held. *Smith*, 155 F.3d at 807. An employee's bare assertion that the employer's proffered reason has no basis in fact is insufficient to call an employer's honest belief into question, and fails to create a genuine issue of material fact. *Majewski*, 274 F.3d at 1117.
> Similarly, the second method is an attack on the credibility of the employer's proffered reason. *Manzer*, 29 F.3d at 1084. Unlike the first method, the second method admits that the employer's proffered reason has basis in fact but denies that it created sufficient cause for the adverse employment action. *Id*. It "ordinarily consists of evidence that other employees ... were not fired even though they engaged in substantially identical conduct to that which the employer contends motivated its

> discharge of the plaintiff." *Id.*
> In contrast, the third method--demonstrating that the proffered reason did not actually motivate the employer--does not attack the credibility of employer's proffered reason. *Id.* Rather, it admits that the reason could motivate the employer but argues that the illegal reason is more likely than the proffered reason to have motivated the employer. *Id.* This method, however, is not identical to a prima facie case. *Id.* Rather, it requires the plaintiff to submit additional evidence. *Id.* A plaintiff must offer evidence sufficient to allow a reasonable juror to find that the employer was motivated by illegal reasons considering both the employer's stated reasons and evidence the employer offers in support of such reasons. *Id.* at 1083; *see also Anderson*, 477 U.S. 257-58 (stating that to survive summary judgment, a party must offer sufficient evidence to allow a reasonable jury to find in his or her favor).

*Joostberns v. United Parcel Servs., Inc.*, No. 04-2370, 2006 WL 41189, at *6-7 (6th Cir. Jan. 9, 2006); s*ee also Braithwaite v. Timken Co.*, 258 F.3d 488, 493-94 (6th Cir. 2001).

If plaintiff is unable to produce any evidence that would suggest that the reason for the defendant's action was pretextual, the Court need not address the issue of whether he has made out a *prima facie* case of discrimination. *See Coomer v. Bethesda Hosp., Inc.,* 370 F.3d 499, 510-11 (6th Cir. 2004) (applying the *McDonnell Douglas* burden-shifting analysis to an age discrimination claim).

Defendant is entitled to judgment as a matter of law because plaintiff is unable to show that the reason for the termination, an alleged threat of violence against a coworker, is pretextual. Plaintiff's assertion that there is no physical evidence that he made the alleged threat is insufficient either to create a genuine issue of material fact to survive defendant's motion for summary judgment or to establish that he, rather than defendant, is entitled to judgment as a matter of law. *See Majewski*, 274 F.3d at 1117.

Plaintiff cannot prevail under the first method of showing pretext because he can not demonstrate that defendant's belief was not honestly held.  *See Joostberns*, 2006 WL 41189, at *6 (and cases cited therein).  Contrary to plaintiff's arguments, the issue is not whether he in fact made the threatening statement attributed to him but, rather, whether defendant "reasonably relied on the particularized facts then before it . . . and made a reasonably informed and considered decision before taking adverse employment action." *Id.*; *Braithwaite*, 258 F.3d at 494.

The evidence in the record shows that defendant did not rely solely on plaintiff's and Helterbridle's conflicting versions of the lunchroom conversation in making the termination decision.  Defendant also considered plaintiff's history, including a corrective action notice issued in 1993 advising plaintiff not to threaten, intimidate, or harass coworkers; a corrective action notice issued in 1999 as a result of inappropriate and harassing comments; as well as the more recent newspaper incident.  (Dep. Exs. 10, 12.) The investigation also turned up a report that plaintiff had, on a previous occasion, made a comment to his co-workers that "I'm a good hunter, I can sit on a bldg. [sic] across the street and pick you guys off."  (Doc. 61, numbered Ex. Holmes-0164.)  The fact that defendant chose to accept Helterbridle's allegations over plaintiff's denial does not create an issue of fact that its belief that plaintiff made the alleged threat was not honestly held. In other words, in light of other evidence of plaintiff's culpability, his assertion that he did not make the alleged threat is insufficient to call into question defendant's belief that he did.  *See Majewski*, 274 F.3d at 1117.

Plaintiff cannot prevail under the second method of showing pretext because he has produced no evidence that other employees were not fired even though they engaged in substantially identical conduct to that which defendant contends motivated its decision to terminate plaintiff.  *See Manzer*, 29 F.3d at 1084.

Review of the evidence shows that the only other employees who were believed to have threatened violence involving a firearm were, like plaintiff, discharged.  (*See* Doc. 52, Ex. C at ¶ 10.)  Because plaintiff cannot show that any employee who engaged in substantially identical conduct received more lenient treatment, his claim of pretext under the second method fails.

Plaintiff cannot prevail under the third method of showing pretext because he has failed to produce "evidence sufficient to allow a reasonable juror to find that the employer was motivated by illegal reasons considering both the employer's stated reasons and evidence the employer offers in support of such reasons."  *Joostbern*, 2006 WL 41189, at *7 (citing *Manzer*, 29 F.3d at 1083).

Alternatively, defendant has met its burden of showing that it is entitled to summary judgment, and plaintiff has not, because he cannot make a *prima facie* showing of discrimination.  Plaintiff cannot make a *prima facie* showing of discrimination because he has produced no evidence to show that he was treated differently than similarly-situated individuals who were not members of his protected class.  *See Mitchell*, 964 F.2d at 582-83.  *See also Burdine*, 450 U.S. at 252-53; *McDonnell Douglas Corp.*, 411 U.S. at  802.  As previously noted, defendant produced uncontroverted evidence that

the only other employees who were believed to have threatened violence involving a firearm were, like plaintiff, discharged.  (*See* Doc. 52, Ex. C at ¶ 10; Dep. Ex. 15.)

### IV.  CONCLUSION

Plaintiff has not met his burden of showing that a genuine issue of material fact exists with respect to his claims of discrimination nor shown that he is entitled to judgment as a matter of law.

**IT IS THEREFORE RECOMMENDED THAT** defendant's motion for summary judgment (Doc. 52) be **GRANTED**, and plaintiff's motion for summary judgment (Doc. 53) be **DENIED**.  As  no further matters remain pending for this Court's review, it is further recommended that this case be **CLOSED.**


Date:   1/18/06                             s/Timothy S. Black                   
                                           Timothy S. Black
                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDRE C. HOLMES, | : | Case No. 04-cv-365 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| GENERAL ELECTRIC, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).