```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

ANDRE C. HOLMES,                 :        NO. 1:04-CV-00365
                                 :
      Plaintiff,              :
                                 :
  v.                             :        **OPINION AND ORDER**
                                 :
                                 :
GENERAL ELECTRIC COMPANY,        :
                                 :
      Defendant.              :

This matter is before the Court on the Magistrate Judge's January 19, 2006 Report and Recommendation (doc. 62), Plaintiff's Response and Objection (doc. 63), Defendant's Response to Plaintiff's Objections (doc. 64), and Plaintiff's Supplemental Response (doc. 65). For the reasons indicated herein, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct, and therefore ADOPTS such Report and Recommendation, thus GRANTING Defendant's Motion for Summary Judgment while DENYING Plaintiff's Motion for Summary Judgment, and DISMISSING this case from the Court's docket.

**I.   Background**

Defendant General Electric Company ("GE") discharged Plaintiff from its employ on November 20, 2003, on the alleged ground that Plaintiff had made a verbal threat of violence involving firearms to another employee, in violation of the Defendant's employee Code of Conduct (doc. 62). On May 26, 2004, Plaintiff brought his Complaint, alleging Defendant discharged him

because of his race in violation of 42 U.S.C. § 2000e-5 (doc. 1).

The Court granted Plaintiff leave in part on November 15, 2004, to allow him to amend his Complaint to add claims of racial discrimination under 42 U.S.C. § 1981 and Ohio Revised Code § 4112.02 (doc. 48). On April 1, 2005, the parties filed their respective motions for summary judgment (docs. 52 & 53), which the Magistrate Judge reviewed in his January 19, 2006 Report and Recommendation (doc. 62). As Plaintiff filed his Objection (doc. 63), and Defendant filed its Response (doc. 64), this matter is now ripe for the Court's review.

**II. The Magistrate Judge's Report and Recommendation (doc. 62)**

The Magistrate Judge found undisputed allegations of fact that Defendant disciplined Plaintiff on November 13, 2003, after Plaintiff brought to work a copy of a local newspaper, the Court Index, showing a criminal defendant with the same name as one of his coworkers (doc. 62). Defendant disciplined Plaintiff for "conduct perceived to be demeaning and harassing to another [GE] employee" (Id.). On the following day Plaintiff met with another employee, Mike Helterbridle ("Helterbridle"), in the lunchroom (Id.). According to Plaintiff, in response to questions, he told Helterbridle that he had nothing to say about the Court Index notices (Id.). According to Helterbridle, Plaintiff stated, "If I ever see [the other employee], I've got a nine millimeter, no I've got another one for him, I'll empty a clip in him and make sure he

don't get up" (Id.).

On November 16, 2003, Defendant suspended Plaintiff pending an investigation into the alleged comment Plaintiff made to Helterbridle (Id.). Defendant concluded subsequent to its investigation that Plaintiff did make threatening comments involving the use of firearms, based on conversations with Plaintiff, Helterbridle, other employees, and a review of Plaintiff's disciplinary record (Id.).

Defendant seeks summary judgment on the ground that Plaintiff failed to make a prima facie showing of discrimination, and because Plaintiff cannot show that the alleged nondiscriminatory reason for his termination, the alleged threatening conduct, was a pretext for discrimination (doc. 52). Plaintiff contends that Defendant cannot prove he made a threat of violence and that Defendant's allegation is a pretext for discrimination based upon race (docs. 53, 56, 61).

The Magistrate Judge discussed the applicable legal standard to Plaintiff's claims, which he found to be the burden-shifting approach set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)(doc. 62). Under such approach, Plaintiff must first establish a prima facie case by a preponderance of the evidence by demonstrating (1) that he was in a protected class, (2) that he was qualified for the job he held during the time in question, (3) that he suffered an adverse employment action, and

3

(4) that he was treated differently than similarly-situated individuals who were not members of his protected class. (Id. citing Texas Dept. Of Community Affairs v. Burdine, 450 U.S. 248, 254,n.6 (1981), Mitchell v. Toledo Hospital, 964 F.2d 577, 582-83 (6th Cir. 1992)). If the Plaintiff makes a prima facie showing, then the burden shifts to Defendant to articulate a legitimate nondiscriminatory reason for the action taken (Id.). If Defendant meets such burden, Plaintiff is then required to prove that the proffered reasons offered by Defendant are a pretext for discrimination by showing the reasons (1) have no basis in fact, (2) were insufficient motivation for the employment action, or (3) did not actually motivate the adverse employment action (Id. citing Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084 (6th Cir. 1994).

Having reviewed the facts and the applicable law, the Magistrate Judge concluded that Defendant in this case is entitled to judgment as a matter of law because Plaintiff is unable to show that the proffered reason for his termination, an alleged threat of violence against a coworker, is pretextual (doc. 62). Citing Majewski v. Automatic Data Processing, Inc., 274 F.3d at 806 (6th Cir. 2001), the Magistrate Judge found that Defendant here had an "honest belief" grounded in its investigation, such that there is no genuine dispute as to its proffered legitimate nondiscriminatory reason for its action (Id.). Moreover, the Magistrate Judge found

4

that Plaintiff's assertion that there is no physical evidence that he made the alleged threat is insufficient to create a genuine issue of material fact (Id.).  The Magistrate Judge found the issue is not whether Plaintiff in fact made such a threat, but rather whether Plaintiff could demonstrate that Defendant's belief was not honestly held (Id.).  The Magistrate Judge further reasoned that Defendant relied on more than the alleged statement to Helterbridle, but on a corrective action notice in 1993 advising Plaintiff not to threaten, intimidate, or harass coworkers; a corrective action notice issued in 1999 as a result of inappropriate and harassing comments, and the more recent newspaper incident (Id.).  Defendant's investigation also turned up an incident where Plaintiff had on a previous occasion commented to coworkers that "I'm a good hunter, I can sit on a bldg [sic] across the street and pick you guys off" (Id.).  Taking these facts into consideration, the Magistrate Judge concluded that Plaintiff's assertion that he did not make the alleged threat is insufficient to call into question Defendant's belief that he did (Id.).

      The Magistrate Judge further found that Plaintiff cannot prevail under the second method of showing pretext because he has shown no evidence that other employees were not fired upon the belief they had made threatening remarks (Id.).  Review of the evidence indicates other employees who were believed to have threatened violence had been discharged similarly to Plaintiff

5

(Id.). As for the third method of showing pretext, the Magistrate Judge found Plaintiff failed to produce "evidence sufficient to allow a reasonable juror to find that the employer was motivated by illegal reasons considering both the employer's stated reasons and evidence the employer offers in support of such reasons" (Id. quoting Joostberns v. United Parcel Servs. Inc., No. 04-2370, 2006 WL 41189 at *7 (6th Cir. Jan. 9, 2006)).

In the alternative, the Magistrate Judge found well-taken Defendant's argument that Plaintiff had failed to establish a prima facie showing of discrimination under the fourth prong, which requires that Plaintiff show he was treated differently than similarly-situated individuals who were not members of his protected class (Id.). In this case, as previously noted, the Magistrate Judge found uncontroverted evidence that Defendant discharged other employees who were believed to have made threatening remarks (Id.).

**III. Plaintiff's Objection to the Magistrate Judge's Report (doc. 63)**

Plaintiff filed his Objection to the Magistrate Judge's Report and Recommendation on February 1, 2006, requesting the Court reject the Magistrate's reasoning and enter an Order in his favor (doc. 63). Plaintiff cites to evidentiary rules and employment discrimination law, apparently arguing that the prima facie case is not onerous, and that he has met it (Id.). Plaintiff further alleges that Defendant "organized and staged" his "demise," arguing

6

that under Defendant's policy he should have been permitted two corrective action notices within twelve months (Id.). Plaintiff suggests the write-up about the Court Index was not serious and really served as a pretext to fire him (Id.). Plaintiff appears to argue that Defendant desired to discharge him because he protested a practice where white employees and black employees were allegedly trained on different sides of the shop (Id.).

**IV. Defendant's Response (doc. 64)**

Defendant filed a Response arguing that the allegations in Plaintiff's Objection are wholly unsupported by the record (doc. 64). Defendant argues that Plaintiff's assertions in the Objection are not supported by deposition testimony, affidavit, or any other admissible evidence (Id.). Defendant argues that Plaintiff's unsubstantiated conclusory allegations and subjective beliefs are insufficient to defeat summary judgment, and that the Court should adopt the Magistrate Judge's Report and Recommendation in its entirety (Id.).

**V. Plaintiff's Supplemental Objection (doc. 65)**

Plaintiff reiterated his position, essentially arguing that his allegation of disparate training is not irrelevant, that the alleged statement referencing a gun is "unsupported" and "bogus," that he did not have a conversation with Mike Helterbridle, and that the parties agreed not to use experts (doc. 65). Plaintiff appears to designate GE employee Bob Bradley as an

7

expert (Id.). Plaintiff argues that his alleged statement about sitting across the street and shooting at coworkers, which he appears to attribute as opined upon by Bob Bradley, should be excluded (Id.).

**VI. Analysis**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds no reason to reject the conclusion of the Magistrate Judge's well-reasoned opinion. Clearly Plaintiff has neither established his prima facie case, nor shown that Defendant's reasonably held belief that he made threatening remarks was a pretext for discrimination. Under Fed. R. Civ. P. 56, Plaintiff was required to respond to Defendant's motion for summary judgment with more than allegations, but with evidence that simply is missing from the record before the Court. In summary, the Court finds no dispute as to the material fact that Defendant reasonably believed Plaintiff made threatening remarks, and that Defendant uniformly enforced its policy of discharging employees it believed to have made such remarks. Majewski v. Automatic Data Processing, Inc., 274 F.3d 1106 (6th Cir. 2001). The Court neither finds an evidentiary basis to exclude any of the alleged remarks challenged by Plaintiff, nor any reason to see why an employee could expect more than one warning about alleged threats of armed violence.

Accordingly, the Court hereby ADOPTS the Magistrate Judge's report (doc. 62), AFFIRMS the Magistrate Judge's

8

recommended decision (Id.), GRANTS Defendant's motion for summary judgment (doc. 52), DENIES Plaintiff's motion for summary judgment (doc. 53), and DISMISSES this case from the Court's docket.

    SO ORDERED.

Dated: March 22, 2006       /s/ S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge